ON MOTION TO RECALL MANDATE

PER CURIAM.
The appellee’s Motion to Recall the Mandate, issued January 12, 1996, has been *701 granted and effectuated through the issuance of a separate Clerk’s Order. The Opinion filed in this case on December 27, 1995, is hereby vacated and this Opinion is substituted in its place.
As the State correctly concedes, the corpus delicti of the crime of grand theft of a firearm was not established below. As a result, the conviction for that offense must be reversed.
In addition, the State also correctly concedes that the defendant did not qualify as a habitual felony offender due to the nature of the previous convictions. Consequently, the habitual felony offender sentences that were imposed must be reversed.
With regard to the defendant’s convictions for “Manslaughter” and “Unlawful Possession of a Firearm by a Convicted Felon”, we find no error and affirm those convictions.
Accordingly, this cause is remanded to the trial court for the imposition of appropriate sentences in connection with the “Manslaughter” and “Unlawful Possession of a Firearm by a Convicted Felon” convictions. In determining what sentence is appropriate, the Court is free to consider any qualifying felonies that might justify sentencing the appellant as a habitual felony offender. See Henderson v. State, 651 So.2d 822 (Fla. 4th DCA 1995).
Affirmed in part and reversed in part.